Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC.,<br><br>*Plaintiff*<br><br>v.<br><br>WWW.POWER-WHEELS-OUTLET.COM, WWW.POWERWHEELS-SALE.COM and WWW.POWERWHEEL-US.SHOP,<br><br>*Defendants* | **21-cv-8108 (PAE)**<br><br>~~**[PROPOSED]**~~ **PRELIMINARY INJUNCTION ORDER** |

**GLOSSARY**

| Term | Definition |
|------|-----------|
| **Plaintiff or Mattel** | Mattel, Inc. |
| **Defendants** | www.power-wheels-outlet.com, www.powerwheels-sale.com and www.powerwheel-us.shop |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies, which operate a cloud-based web infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network |
| **Dynadot** | Dynadot, LLC, with an address of 210 S Ellsworth Ave #345 San Mateo, California 94401, and any and all affiliated companies, which operate an ICANN accredited domain name registrar and web hosting company, available at www.dynadot.com, that allows consumers to register domain names and create websites |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's instant Complaint |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendants' Websites (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Moore Dec.** | Declaration of Michael Moore in Support of Plaintiff's Application |
| **Futterman Dec.** | Declaration of Danielle S. Futterman in Support of Plaintiff's Application |
| **Mattel Products** | Plaintiff's children's toys, games, playthings, and other products, and/or its iconic sub-brands, including, but not limited to: Barbie, UNO, Thomas & Friends, Hot Wheels, Power Wheels, American Girl and Fisher-Price |
| **Power Wheels Products** | Battery-powered ride-on vehicles for toddlers and preschoolers, that come in a variety of models including cars, trucks and ATVs |
| **Power Wheels Marks** | U.S. Trademark Registration Nos.: 1,374,017 for "POWER WHEELS" for goods in Class 28; |

| Term | Definition |
|---|---|
| | 1,671,657 for "POWER WHEELS" for goods in Class 9; 5,504,969 for **POWER WHEELS** for goods in Classes 9 and 28; and 5,763,877 for **POWER WHEELS** for goods in Class 9 |
| **Plaintiff's Website** | Plaintiff's wholly owned subsidiary, Fisher Price's fully interactive website, located at https://www.fisher-price.com |
| **Counterfeit Products** | Defendants' products advertised, offered for sale and/or sold by Defendants via Defendants' Websites (as defined *infra*), which use the Power Wheels Marks or at the very least, marks that are confusingly similar thereto |
| **Defendants' Websites** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that use the Power Wheels Marks, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at www.power-wheels-outlet.com and www.powerwheels-sale.com/; along with any and all of the domain names associated therewith, including the Infringing Domain Names |
| **Infringing Domain Names** | www.power-wheels-outlet.com, www.powerwheels-sale.com and www.powerwheel-us.shop |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' Websites (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc., the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. and other companies or agencies that engage in the |

| Term | Definition |
|---|---|
| | processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Counterfeit Products and/or Defendants' Websites, including, without limitation, Shopify, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, website hosts (such as Cloudflare), domain name registrars (such as Dynadot) and domain name registries |

WHERAS, Plaintiff moved *ex parte* on September 30, 2021 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Websites and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on October 1, 2021 (the "TRO"), which ordered Defendants to appear on October 15, 2021 at 9:00 a.m. to show cause why a preliminary injunction should not issue (the "Show Cause Hearing");

WHEREAS, on October 7, 2021, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on all of Defendants' email addresses;

WHEREAS, on October 15, 2021 at 9:00 a.m., Plaintiff appeared at the Show Cause Hearing, however no Defendants appeared.

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

ii. directly or indirectly infringing in any manner Plaintiff's Power Wheels Marks;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Power Wheels Marks to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's Power Wheels Marks and/or any other marks that are confusingly similar to the Power Wheels Marks on or in connection with Defendants' Websites and/or Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, offering for sale, sale and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action that is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants, website owned or operated by Defendants, services provided by Defendants and/or Defendants' commercial activities by Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records

2

or evidence relating to Defendants' Websites, Defendants' Assets and/or the manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

viii.   linking, transferring, selling and/or operating Defendants' Websites;

ix.   registering, trafficking in or using any domain names that incorporate any of Plaintiff's Power Wheels Marks, or any colorable imitation thereof, including the Infringing Domain Names; and

x.   knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) above, and 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) below.

b)   Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i.   secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

ii.   secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants'

Assets and Defendants' Financial Accounts; and

   iii.  knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) and 1(b)(i) through 1(b)(ii) above, and 1(c)(i) through 1(c)(ii) below.

c)  Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i.  providing services to Defendants, including, without limitation, those in connection with the continued operation of Defendants' Websites;

   ii.  permitting the transfer, sale and/or assignment of Defendants' Websites; and

   iii.  knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2.  As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a)  within five (5) days of receipt of service of this Order, any newly discovered Financial Institutions shall locate and attach Defendants' Financial Accounts, provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' Websites, including contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days of receipt of service of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

      i. account numbers;

      ii. current account balances;

      iii. any and all identifying information for Defendants and/or Defendants' Websites, including names, addresses and contact information;

      iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a

5

business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, documents sufficient to identify the geographic location(s) of any consumers from which deposits were sent, deposit slips, withdrawal slips, cancelled checks and account statements; and

vi.  any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the geographic location(s) of the transferor(s), the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' Websites, including, but not limited to, documents and records relating to:

i.  account details, including, without limitation, identifying information and account numbers for any and all accounts or websites that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

ii.  the identities, location and contact information, including any and all e-mail addresses of Defendants;

     iii.  the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' Websites, a full accounting of Defendants' sales history and listing history under Defendants' Websites and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' Websites; and

     iv.  Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products, or any other products bearing the Power Wheels Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Power Wheels Marks.

4.  As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

     a)  delivery of: (i) a PDF copy of this Order; or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this lawsuit accessible through ipcounselorslawsuit.com) where Defendants will be able to download a PDF copy of this Order, to Defendants' e-mail addresses, je24zn@126.com, a13761721634@hotmail.com and janwitsytr07@gmail.com.

5.  As sufficient cause has been shown, such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Dynadot will be able to download a PDF copy of this Order via electronic mail to abuse@dynadot.com; and

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cloudflare will be able to download a PDF copy of this Order via electronic mail to abuse@cloudflare.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $25,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendant that is subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this __15th__ day of __October__, 2021, at _____ _a.m._
New York, New York

_Paul A. Engelmayer_
_____
HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

9