Sealing Envelope Cover Sheet for Highly Sensitive Documents (HSD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

|  |  |
|---|---|
| Plaintiff | Case No: |
| -against- | SEALING ENVELOPE COVER SHEET FOR HIGHLY SENSITIVE DOCUMENT |
| Defendant | |

_____

Submitted By:

Plaintiff:                          Defendant:

Attorney's Name:

Firm Name:

Address:

City:                          State:                          Zip:

Phone Number:

Contents of Envelope:

Order Dated:

_____
U.S.D.J./U.S. MAGISTRATE JUDGE

RECEIVED BY:

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC., <br><br> *Plaintiff* <br><br> v. <br><br> WWW.POWER-WHEELS-OUTLET.COM, WWW.POWERWHEELS-SALE.COM and WWW.POWERWHEEL-US.SHOP, <br><br> *Defendants* | CIVIL ACTION NO. 21 Civ. 8108 (PAE) <br><br> **1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING DEFENDANTS' WEBSITES AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY** <br><br> **<u>FILED UNDER SEAL</u>** |

**GLOSSARY**

| Term | Definition |
|------|-----------|
| **Plaintiff or Mattel** | Mattel, Inc. |
| **Defendants** | www.power-wheels-outlet.com, www.powerwheels-sale.com and www.powerwheel-us.shop |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies, which operate a cloud-based web infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network |
| **Dynadot** | Dynadot, LLC, with an address of 210 S Ellsworth Ave #345 San Mateo, California 94401, and any and all affiliated companies, which operate an ICANN accredited domain name registrar and web hosting company, available at www.dynadot.com, that allows consumers to register domain names and create websites |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's instant Complaint |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendants' Websites (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Moore Dec.** | Declaration of Michael Moore in Support of Plaintiff's Application |
| **Futterman Dec.** | Declaration of Danielle S. Futterman in Support of Plaintiff's Application |
| **Mattel Products** | Plaintiff's children's toys, games, playthings, and other products, and/or its iconic sub-brands, including, but not limited to: Barbie, UNO, Thomas & Friends, Hot Wheels, Power Wheels, American Girl and Fisher-Price |
| **Power Wheels Products** | Battery-powered ride-on vehicles for toddlers and preschoolers, that come in a variety of models including cars, trucks and ATVs |
| **Power Wheels Marks** | U.S. Trademark Registration Nos.: 1,374,017 for "POWER WHEELS" for goods in Class 28; 1,671,657 for "POWER WHEELS" for goods in |

| Term | Definition |
|---|---|
| | Class 9; 5,504, 969 for POWER WHEELS for goods in Classes 9 and 28; and 5,763,877 for POWER WHEELS for goods in Class 9 |
| **Plaintiff's Website** | Plaintiff's wholly owned subsidiary, Fisher Price's fully interactive website, located at https://www.fisher-price.com |
| **Counterfeit Products** | Defendants' products advertised, offered for sale and/or sold by Defendants via Defendants' Websites (as defined *infra*), which use the Power Wheels Marks or at the very least, marks that are confusingly similar thereto |
| **Defendants' Websites** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that use the Power Wheels Marks, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at www.power-wheels-outlet.com and www.powerwheels-sale.com/; along with any and all of the domain names associated therewith, including the Infringing Domain Names |
| **Infringing Domain Names** | www.power-wheels-outlet.com, www.powerwheels-sale.com and www.powerwheel-us.shop |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' Websites (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc., the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service** | Any third party providing services in connection with |

| Term | Definition |
|------|-----------|
| **Providers** | Defendants' Counterfeit Products and/or Defendants' Websites, including, without limitation, Shopify, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, website hosts (such as Cloudflare), domain name registrars (such as Dynadot) and domain name registries |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Websites and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful counterfeiting and infringement of the Power Wheels Marks.[1]   Having reviewed the Application, Declarations of Michael Moore and Danielle S. Futterman, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

### FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.       Mattel, through its family of companies, is a leading designer, developer, marketer, manufacturer and distributor of its well-known Mattel Products, including children's toys and games offered under some of America's most iconic and influential sub-brands, such as Barbie, UNO, Thomas & Friends, Hot Wheels, Power Wheels, American Girl and Fisher-Price.

2.       Since its founding in 1945, Mattel has been known for creating innovative Mattel Products and experiences that inspire, entertain, and empower children to develop through the world of play.

3.       Mattel sells its Mattel Products worldwide through major retailers, quality toy stores and online marketplaces, including, but not limited to: Wal-Mart, Target Stores, Walgreens, Amazon and many others.

4.       Mattel and its Mattel Products have been consistently recognized as leaders in the toy and entertainment categories.  For example, in 2020 alone, Mattel was recognized with a

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

total of four prestigious Toy of the Year Awards at the 2020 Toy Association's annual Toy of the Year Awards: Action Figure of the Year (for Disney and Pixar Toy Story Basic Figures), Game of the Year (for Pictionary Air®), Infant/Toddler Toy of the Year (for Fisher-Price Linkimals®), and Vehicle of the Year (for Hot Wheels® Mario Kart™ Assorted Vehicle).

5.      In addition, in 2021, Mattel was identified as one of TIME's 100 Most Influential Companies.

6.      One of the most popular Mattel Brands is Power Wheels, battery-powered ride-on vehicles for toddlers and preschoolers that come in a variety of models including cars, trucks and ATVs. Mattel advertises, offers for sale and/or sells its Power Wheels Products through Plaintiff's Website, available at https://www.fisher-price.com. True and correct screenshots of Plaintiff's Website are attached hereto as **Exhibit A** and incorporated herein by reference.

7.      The Power Wheels Products are sold by major U.S. retailers and e-commerce sites, such as Amazon, Target and Walmart.

8.      The Power Wheels Products typically retail for between $49.99-499.99.

9.      While Plaintiff has gained significant common law trademark and other rights in its Power Wheels Marks and Power Wheels Products through its and/or its predecessor's use, advertising and promotion, Plaintiff has also protected its valuable trademark rights by both acquiring and obtaining federal trademark registrations.

10.      For example, Plaintiff is the owner of the Power Wheels Marks (U.S. Trademark Registration Nos.: 1,374,017 for "POWER WHEELS" for goods in Class 28; 1,671,657 for "POWER WHEELS" for goods in Class 9; 5,504, 969 for  for goods in Classes 9 and 28; and 5,763,877 for  for goods in Class 9).  True and correct copies of the

registrations for the Power Wheels Marks are attached hereto as **Exhibit B** and incorporated herein by reference.

11.     The Power Wheels Marks are currently in use in commerce in connection with the Power Wheels Products.  The Power Wheels Marks were first used in commerce on or before the dates of first use as reflected on the registrations, attached hereto as **Exhibit B**.

12.     Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its Power Wheels Marks and Power Wheels Products.

13.     The success of the Power Wheels Products is due in part to Plaintiff's marketing and promotional efforts, and high-quality Power Wheels Products.   These efforts include advertising and promotion through television, print, Plaintiff's Website, among other efforts domestically and abroad, including in New York.

14.     Plaintiff's success is also due to its use of the highest quality materials and processes in making the Power Wheels Products, which meet or exceed U.S. standards.

15.     Additionally, Plaintiff owes a substantial amount of the success of the Power Wheels Products to their consumers and word-of-mouth buzz that its consumers have generated.

16.     As a result of Plaintiff and its predecessor's efforts, the quality of the Power Wheels Products and the word-of-mouth buzz generated by Plaintiff's consumers, the Power Wheels Marks have become prominently placed in the minds of the public.  Members of the public have become familiar with the Power Wheels Marks and Power Wheels Products and have come to associate them exclusively with Plaintiff.  Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such associations.

17.     Plaintiff has gone to great lengths to protect its interests in the Power Wheels

Marks and Power Wheels Products.  No one other than Plaintiff is authorized to manufacture, import, export, advertise, offer for sale or sell any goods utilizing the Power Wheels Marks, or otherwise use the Power Wheels Marks, without the express permission of Plaintiff.

18.     Plaintiff is likely to prevail on its Lanham Act claims at trial.

19.     As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

   a.   Defendants have offered for sale and/or sold substandard Counterfeit Products in connection with the Power Wheels Marks, without Plaintiff's authorization;

   b.   Plaintiff has well-founded fears that more of Defendants' Websites and Defendants' Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of Defendants' Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for its Power Wheels Products; and

   c.   Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from Defendants' Websites and/or Defendants' Counterfeit Products, and records relating thereto that are in their possession or under their control; (ii) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the Power Wheels Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) inform suppliers and others of Plaintiff's claims with the result being that those suppliers and others

4

may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products infringing the Power Wheels Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, and/or (iv) change the host of Defendants' Websites, create new websites and/or new domain names through which Defendants will continue using the Power Wheels Marks, that are identical to, substantially indistinguishable from, or confusingly similar to, the Power Wheels Marks and/or offering for sale and selling Counterfeit Products with little to no consequence.

20.    The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Power Wheels Marks and to its reputation if a temporary restraining order is not issued.

21.    Public interest favors issuance of a temporary restraining order in order to protect Plaintiff's interests in and to its Power Wheels Marks, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Power Wheels Products, as those of Plaintiff.

22.    Plaintiff has not publicized its request for a temporary restraining order in any way.

23.    Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

24.    If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their use, infringement, and counterfeiting of the Power Wheels Marks, and sales of Counterfeit Products or other goods

infringing the Power Wheels Marks. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) of this Order, respectively, before requiring service on Defendants.

25.     Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' Websites and/or Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products. Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I.     Temporary Restraining Order

A.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this Order, and for such further period as may be provided by order of this Court:

1)  manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

2)  directly or indirectly infringing in any manner Plaintiff's Power Wheels Marks;

3) using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Power Wheels Marks to identify any goods or services not authorized by Plaintiff;

4) using Plaintiff's Power Wheels Marks and/or any other marks that are confusingly similar to the Power Wheels Marks on or in connection with Defendants' Websites and/or Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, offering for sale, sale and/or otherwise dealing in Counterfeit Products;

5) using any false designation of origin or false description, or engaging in any action that is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants, website owned or operated by Defendants, services provided by Defendants and/or Defendants' commercial activities by Plaintiff;

6) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' Websites, Defendants' Assets and/or the manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

7) effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

8) linking, transferring, selling and/or operating Defendants' Websites;

9) registering, trafficking in or using any domain names that incorporate any of Plaintiff's Power Wheels Marks, or any colorable imitation thereof, including the Infringing Domain Names; and

10) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(9) above, I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

2) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

3) knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs I(A)(I) through I(A)(9), I(B)(1) through I(B)(2) above and I(C)(1) through I(C)(2) below.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) within five (5) days after receipt of service of this Order, providing services to Defendants, including, without limitation, those relating to the continued operation of Defendants' Websites;

2) permitting the transfer, sale and/or assignment of Defendants' Websites, including the Infringing Domain Names; and

3) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(9), I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) above.

## II.   Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court in Courtroom 1305 of the United States District Court for the Southern District of New York at 500 Pearl Street/40 Foley Square, New York, New York on October 15, 2021 at  9 a.m., why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein

Drangel LLP at 60 East 42nd Street, Suite 2520, New York, NY 10165, Attn: Jason M. Drangel on or before October 8, 2021.  Plaintiff shall file any Reply papers on or before October 12, 2021.

C.  IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III.    Asset Restraining Order

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV.    Order Authorizing Bifurcated and Alternative Service by Electronic Means

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1)  delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of

this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses, je24zn@126.com, a13761721634@hotmail.com and janwitsytr07@gmail.com.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions throughout the pendency of this action.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(B)-(C)** of this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

   1) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   1) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Dynadot will be able to download a PDF copy of this Order via electronic mail to abuse@dynadot.com; and

   2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cloudflare will be able to download a PDF copy of this Order via electronic mail to abuse@cloudflare.com.

### V.    Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

    a.  their true name and physical address;

    b.  the name and location and URL of any and all websites that Defendants own and/or operate;

    c.  the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

    d.  the complete sales records for any and all sales of Counterfeit Products made to consumers located in New York, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

    e.  the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

    f.  the steps taken by each Defendant, or other person served, to comply with **Section I** above.

2) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production

12

of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' Websites, and provide Plaintiff's counsel with a summary report, which shall include, at a minimum, identifying information for Defendants' Websites (i.e., URLs), contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

    a.  account numbers;

13

    b.   current account balances;

    c.   any and all identifying information for Defendants and/or Defendants' Websites, including, but not limited to, names, addresses and contact information;

    d.   any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

    e.   any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, documents sufficient to identify the geographic location(s) of any consumers from which deposits were sent, deposit slips, withdrawal slips, cancelled checks and account statements; and

    f.   any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the geographic location(s) of the transferor(s), the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

   1)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' Websites, including, but not limited to, documents and records relating to:

a.   account details, including, without limitation, identifying information and URLs for any and all accounts or websites that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b.   the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

c.   the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' Websites, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' Websites; and

d.   Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products, or any other products bearing the Power Wheels Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Power Wheels Marks.

## VI.   Security Bond

A. IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of twenty-five thousand Dollars ($25,000.00) with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

### VII.    <u>Sealing Order</u>

A.  IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and

Plaintiff's *ex parte* Application and the Declarations of Michael Moore and Danielle S.

Futterman in support thereof and exhibits attached thereto and this Order shall remain sealed

until the Financial Institutions and Third Party Service Providers comply with **Paragraphs**

**I(B)-(C), III(A) and V(B)-(C)** of this Order.

**SO ORDERED.**

SIGNED this 1st day of October, 2021, at 9:05 a.m.

*Paul A. Engelmayer*

_____
Paul A. Engelmayer
UNITED STATES DISTRICT JUDGE

16

# EXHIBIT A



fisher-price.com/en-us

**fisher-price**

SHOP BY CATEGORY    SHOP BY BRAND    SHOP BY AGE    EXPLORE

Search

Want playtime ideas & special offers? SIGN UP



## Power Wheels® JoJo Siwa™ Jeep® Wrangler

Get ready to race, ride and go go go with JoJo.

Shop Now







Get Notifications from Fisher-Price



Home / Brand / Power Wheels®

# Power Wheels®



## POWER WHEELS

Hours of backyard driving adventures await for toddlers and preschoolers with Power Wheels® battery-powered ride-on vehicles!

## Filters

*37 Items*

Sort by: Featured

### Age ⊖

☐ 12-18 Months

☐ 18-24 Months

☐ 2+ Years

☐ 3+ Years

☐ 5+ Years



Get Notifications from Fisher-Price

# EXHIBIT B

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,763,877**

**Registered May 28, 2019**

**Int. Cl.: 9**

**Trademark**

**Principal Register**

MATTEL, INC.  (DELAWARE CORPORATION)
333 Continental Boulevard
Twr 15-1
El Segundo, CALIFORNIA 90245

CLASS 9: Battery chargers for children's ride-on toy vehicles

FIRST USE 10-17-2018; IN COMMERCE 10-17-2018

The mark consists of the stylized wording "POWER WHEELS" with a lightning bolt design.

OWNER OF U.S. REG. NO. 1671657, 1374017, 2043428

No claim is made to the exclusive right to use the following apart from the mark as shown: "POWER" FOR INTERNATIONAL CLASS 9 AND "WHEELS" FOR INTERNATIONAL CLASS 28

SER. NO. 87-050,728, FILED 05-26-2016

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO.  To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

Int. Cl.: 28

Prior U.S. Cl.: 22

**United States Patent and Trademark Office**

Corrected

Reg. No. 1,374,017
Registered Dec. 3, 1985
OG Date Apr. 22, 1986

## TRADEMARK
## PRINCIPAL REGISTER

## POWER WHEELS

PINES OF AMERICA, INC. (INDIANA CORPORATION)
160 PACIFIC AVENUE
SAN FRANCISCO, CA 941884866

NO CLAIM IS MADE TO THE EXCLU-SIVE RIGHT TO USE "WHEELS", APART FROM THE MARK AS SHOWN.

FOR: CHILDREN'S RIDE-ON TOY VE-HICLES, IN CLASS 28 (U.S. CL. 22).

FIRST USE 11-7-1984; IN COMMERCE 11-7-1984.

SER. NO. 509,363, FILED 11-19-1984.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Apr. 22, 1986.*

COMMISSIONER OF PATENTS AND TRADEMARKS

3

Int. Cl.: 9

Prior U.S. Cl.: 21

**United States Patent and Trademark Office**

Reg. No. 1,671,657
Registered Jan. 14, 1992

## TRADEMARK
## PRINCIPAL REGISTER

# POWER WHEELS

KRANSCO (CALIFORNIA CORPORATION)
160 PACIFIC AVENUE, SUITE 200
SAN FRANCISCO, CA 94111

FOR: BATTERIES AND BATTERY RE-
CHARGERS, IN CLASS 9 (U.S. CL. 21).
FIRST USE 1-0-1986; IN COMMERCE
1-0-1986.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "POWER", APART FROM THE
MARK AS SHOWN.

SER. NO. 74-150,480, FILED 3-25-1991.

DOMINIC J. FERRAIUOLO, EXAMINING AT-
TORNEY

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,504,969**

**Registered Jun. 26, 2018**

**Int. Cl.: 9, 28**

**Trademark**

**Principal Register**

MATTEL, INC.  (DELAWARE CORPORATION)
333 Continental Boulevard
Twr 15-1
El Segundo, CALIFORNIA 90245

CLASS 9: Batteries for children's ride-on toy vehicles

FIRST USE 5-18-2017; IN COMMERCE 5-18-2017

CLASS 28: Children's ride-on toy vehicles and accessories therefor

FIRST USE 5-18-2017; IN COMMERCE 5-18-2017

The mark consists of the stylized wording "POWER WHEELS" with a lightning bolt design.

OWNER OF U.S. REG. NO. 1671657, 2043428, 1374017

No claim is made to the exclusive right to use the following apart from the mark as shown: "POWER" FOR INTERNATIONAL CLASS 9 AND "WHEELS" FOR INTERNATIONAL CLASS 28

SER. NO. 87-976,197, FILED 05-26-2016

Director of the United States
Patent and Trademark Office

5

<div style="border: 1px solid black;">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten  Years***
**What and When to File:**

- ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C.  §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

 **United States Patent and Trademark Office** 

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 3**

**Serial #:** 74150480     **Filing Dt:** 03/25/1991     **Reg #:** 1671657     **Reg. Dt:** 01/14/1992

**Registrant:** KRANSCO

**Mark:** POWER WHEELS

## Assignment: 1

**Reel/Frame:** 1284/0257     **Recorded:** 01/13/1995     **Pages:** 14

**Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

**Assignor:** KRANSCO
    **Exec Dt:** 05/26/1994
    **Entity Type:** CORPORATION
    **Citizenship:** CALIFORNIA

**Assignee:** MATTEL POWER WHEELS, INC.
    **Entity Type:** CORPORATION
333 CONTINENTAL BOULEVARD EL SEGUNDO, CALIFORNIA 90245-5012     **Citizenship:** DELAWARE

**Correspondent:** MATTEL, INC.
MARY L. WALLER
ATTN: TRADEMARK ADMINISTRATOR
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CALIFORNIA 90245-5012

## Assignment: 2

**Reel/Frame:** 1471/0821     **Recorded:** 04/10/1996     **Pages:** 19

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** MATTEL POWER WHEELS, INC.
    **Exec Dt:** 12/29/1994
    **Entity Type:** CORPORATION
    **Citizenship:** DELAWARE

**Assignee:** MATTEL, INC.
    **Entity Type:** CORPORATION
333 CONTINENTAL BOULEVARD
    **Citizenship:** DELAWARE
EL SEGUNDO, CALIFORNIA 90245

**Correspondent:** MICHELE L. MCSHANE, ESQ.
333 CONTINENTAL BOULEVARD
M1-1518
EL SEGUNDO, CALIFORNIA 90245

## Assignment: 3

**Reel/Frame:** 6255/0701     **Recorded:** 01/23/2018     **Pages:** 28

**Conveyance:** SECURITY INTEREST

**Assignor:** MATTEL, INC
    **Exec Dt:** 12/20/2017
    **Entity Type:** CORPORATION
    **Citizenship:** DELAWARE

**Assignee:** BANK OF AMERICA, N.A. AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT
    **Entity Type:** NATIONAL BANKING ASSOCIATION
333 SOUTH HOPE STREET
13TH FLOOR
LOS ANGELES, CALIFORNIA 90071
    **Citizenship:** UNITED STATES

**Correspondent:** SHANNON COTUGNO/MCGUIREWOODS
1750 TYSONS BLVD
SUITE 1800
TYSONS, VA 22102

Search Results as of: 09/14/2021 12:19 AM

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.6
Web interface last modified: August 25, 2017 v.2.6

| .HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

7



**United States Patent and Trademark Office**



**Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help**

## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 6**

**Serial #:** 73509363          **Filing Dt:** 11/19/1984          **Reg #:** 1374017          **Reg. Dt:** 12/03/1985
**Registrant:** PINES OF AMERICA, INC.
**Mark:** POWER WHEELS

**Assignment: 1**

**Reel/Frame:** 0509/0076          **Recorded:** 11/04/1985          **Pages:** 2

**Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

**Assignor:** PINES OF AMERICA, INC.          **Exec Dt:** 10/28/1985
                                                **Entity Type:** CORPORATION
                                                **Citizenship:** INDIANA

**Assignee:** KRANSCO MANUFACTURING INC.       **Entity Type:** CORPORATION
SUITE 200                                       **Citizenship:** CALIFORNIA
160 PACIFIC AVE.
SAN FRANCISCO, CALIFORNIA 94111

**Correspondent:** KRANSCO
P.O. BOX 884866
160 PACIFIC AVE.
SAN FRANCISCO, CA 94188-4866

**Assignment: 2**

**Reel/Frame:** 0535/0270          **Recorded:** 08/14/1986          **Pages:** 2

**Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOOD WILL AS OF OCT. 25, 1985

**Assignor:** PINES OF AMERICA, INC.          **Exec Dt:** 06/26/1986
                                                **Entity Type:** CORPORATION
                                                **Citizenship:** INDIANA

**Assignee:** KRANSCO MANUFACTURING, INC.      **Entity Type:** CORPORATION
                                                **Citizenship:** CALIFORNIA

**Correspondent:** KOLISCH, HARTWELL, ET AL.
520 S.W. YAMHILL ST.
PORTLAND, OR 97204

**Assignment: 3**

**Reel/Frame:** 0585/0844          **Recorded:** 12/07/1987          **Pages:** 2

**Conveyance:** MERGER 19861231CA

**Assignor:** KRANSCO MANUFACTURING, INC.      **Exec Dt:** 09/09/1987
                                                **Entity Type:** CORPORATION
                                                **Citizenship:** CALIFORNIA

**Assignee:** KRANSCO                           **Entity Type:** CORPORATION
                                                **Citizenship:** CALIFORNIA

**Correspondent:** KOLISCH, HARTWELL & DICKINSON
520 S.W. YAMHILL STREET
PORTLAND, OR 97204

**Assignment: 4**

**Reel/Frame:** 1284/0257          **Recorded:** 01/13/1995          **Pages:** 14

**Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

**Assignor:** KRANSCO                           **Exec Dt:** 05/26/1994
                                                **Entity Type:** CORPORATION
                                                **Citizenship:** CALIFORNIA

**Assignee:** MATTEL POWER WHEELS, INC.        **Entity Type:** CORPORATION
333 CONTINENTAL BOULEVARD EL SEGUNDO, CALIFORNIA 90245-5012   **Citizenship:** DELAWARE

8

**Correspondent:** MATTEL, INC.
MARY L. WALLER
ATTN: TRADEMARK ADMINISTRATOR
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CALIFORNIA 90245-5012

## Assignment: 5

| | | |
|---|---|---|
| **Reel/Frame:** 1424/0853 | **Recorded:** 01/23/1996 | **Pages:** 2 |

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** MATTEL POWER WHEELS, INC.
 **Exec Dt:** 12/29/1994
 **Entity Type:** CORPORATION
 **Citizenship:** DELAWARE

**Assignee:** MATTEL, INC.
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CALIFORNIA 90245-5012
 **Entity Type:** CORPORATION
 **Citizenship:** DELAWARE

**Correspondent:** MATTEL, INC.
BONNIE WORTH
333 CONTINENTAL BLVD.
EL SEGUNDO, CA 90245-5012

## Assignment: 6

| | | |
|---|---|---|
| **Reel/Frame:** 6255/0701 | **Recorded:** 01/23/2018 | **Pages:** 28 |

**Conveyance:** SECURITY INTEREST

**Assignor:** MATTEL, INC
 **Exec Dt:** 12/20/2017
 **Entity Type:** CORPORATION
 **Citizenship:** DELAWARE

**Assignee:** BANK OF AMERICA, N.A. AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT
333 SOUTH HOPE STREET
13TH FLOOR
LOS ANGELES, CALIFORNIA 90071
 **Entity Type:** NATIONAL BANKING ASSOCIATION
 **Citizenship:** UNITED STATES

**Correspondent:** SHANNON COTUGNO/MCGUIREWOODS
1750 TYSONS BLVD
SUITE 1800
TYSONS, VA 22102

Search Results as of: 09/14/2021 12:11 AM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.6
Web interface last modified: August 25, 2017 v.2.6

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT