Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff
Mattel, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC., <br><br> *Plaintiff* <br><br> v. <br><br> WWW.POWER-WHEELS-OUTLET.COM, WWW.POWERWHEELS-SALE.COM and WWW.POWERWHEEL-US.SHOP, <br><br> *Defendants* | **CIVIL ACTION No. 21-cv-8108 (PAE)** <br><br> [PROPOSED] <br> **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Mattel** | Mattel, Inc. | N/A |
| **Defendants** | www.power-wheels-outlet.com, www.powerwheels-sale.com and www.powerwheel-us.shop | N/A |
| **Sealing Order** | Order to Seal File entered on September 24, 2021 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on September 30, 2021 | Dkt. 7 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Websites (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery | Dkts. 11-14 |
| **Moore Dec.** | Declaration of Michael Moore in Support of Plaintiff's Application | Dkt. 13 |
| **Futterman Dec.** | Declaration of Danielle S. Futterman in Support of Plaintiff's Application | Dkt. 12 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Defendants' Websites and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on October 1, 2021 | Dkt. 15 |
| **PI Show Cause Hearing** | October 15, 2021 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | October 15, 2021 Preliminary Injunction Order | Dkt. 6 |
| **Mattel Products** | Plaintiff's children's toys, games, playthings, and other products, and/or its iconic sub-brands, including, but not limited | N/A |

| | | |
|---|---|---|
| | to: Barbie, UNO, Thomas & Friends, Hot Wheels, Power Wheels, American Girl and Fisher-Price | |
| **Power Wheels Products** | Battery-powered ride-on vehicles for toddlers and preschoolers, that come in a variety of models including cars, trucks and ATVs | N/A |
| **Power Wheels Marks** | U.S. Trademark Registration Nos.: 1,374,017 for "POWER WHEELS" for goods in Class 28; 1,671,657 for "POWER WHEELS" for goods in Class 9; 5,504,969 for **POWER WHEELS** for goods in Classes 9 and 28; and 5,763,877 for **POWER WHEELS** for goods in Class 9 | N/A |
| **Plaintiff's Website** | Plaintiff's wholly owned subsidiary, Fisher Price's fully interactive website, located at https://www.fisher-price.com | N/A |
| **Counterfeit Products** | Defendants' products advertised, offered for sale and/or sold by Defendants via Defendants' Websites (as defined *infra*), which use the Power Wheels Marks or at the very least, marks that are confusingly similar thereto | N/A |
| **Defendants' Websites** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that use the Power Wheels Marks, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at www.power-wheels-outlet.com and www.powerwheels-sale.com/; along with any and all of the domain names associated therewith, including the Infringing Domain Names | N/A |
| **Infringing Domain Names** | www.power-wheels-outlet.com, www.powerwheels-sale.com and www.powerwheel-us.shop | N/A |
| **Defendants' Websites** | Any and all fully interactive websites held by or associated with Defendants, their | N/A |

ii

|  | respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that use the Power Wheels Marks, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at www.power-wheels-outlet.com and www.powerwheels-sale.com/; along with any and all of the domain names associated therewith, including the Infringing Domain Names |  |
|---|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' Websites (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc., the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Counterfeit Products and/or Defendants' Websites, including, without limitation, Shopify, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, website hosts (such as Cloudflare), domain name registrars (such as Dynadot) and domain name registries | N/A |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies, which operate a cloud-based web | N/A |

|  | infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network |  |
|---|---|---|
| **Dynadot** | Dynadot, LLC, with an address of 210 S Ellsworth Ave #345 San Mateo, California 94401, and any and all affiliated companies, which operate an ICANN accredited domain name registrar and web hosting company, available at www.dynadot.com, that allows consumers to register domain names and create websites | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defendants filed on December 15, 2021 | TBD |
| **Futterman Aff.** | Affidavit of Danielle S. Futterman in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defendants for Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and cybersquatting in violation of the Anticybersquatting Consumer Protection Act arising from Defendants' willful infringement of the Power Wheels Marks, including, without limitation, through Defendants' prominent use of Plaintiff's Power Wheels Marks on Defendants' Websites and/or in connection with their advertisement, marketing, promotion, offering for sale and/or sale of their Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle S, Futterman in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defendants, the Certificates of Service of the Summonses and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defendants in the Complaint;

## ~~II. Damages Awards~~

~~1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be~~

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

~~reasonable and Plaintiff is awarded statutory damages in the amount of $1,200,000.00 against Defendants, pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.~~

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defendants, their respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Power Wheels Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Power Wheels Marks;

   B. directly or indirectly infringing in any manner Plaintiff's Power Wheels Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Power Wheels Marks to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Power Wheels Marks, or any other marks that are confusingly similar to the Power Wheels Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product

manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   i. Defendants' Infringing Domain Names and/or Defendants' Websites;

   ii. Defendants' Assets; and

   iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. utilizing the Infringing Domain Names and registering, trafficking in or using any additional domain names that use or incorporate the Power Wheels Marks, or any colorable imitation thereof;

H. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other Infringing Domain Names, Defendants' Websites or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

3

2)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's trademarks other rights including, without limitation, the Power Wheels Marks, or bear any marks that are confusingly similar to the Power Wheels Marks pursuant to 15 U.S.C. § 1118;

3)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets from or to Defendants' Financial Accounts; and

   B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A) above.

4)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

   A. providing services to Defendants, including, without limitation, those in connection with the continued operation of Defendants' Websites;

   B. permitting the transfer, sale and/or assignment of Defendants' Websites, including the Infringing Domain Names, except as set forth herein; and

C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H), III(3)(A) through III(3)(B), and III(4)(A) through III(4)(B) above.

### IV.   Order Transferring Infringing Domain Name

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in order to give practical effect to the permanent injunction granted herein, Defendants' Infringing Domain Names are hereby ordered to be immediately transferred by Defendants to Plaintiff. To the extent the Defendants do not facilitate the transfer of the Infringing Domain Names to Plaintiff's control within five (5) days of receipt of this Order, the Third Party Service Providers shall, within thirty (30) days of receipt of this Order, change the registrar(s) of record for the Infringing Domain Names to a registrar of Plaintiff's choosing, thereby transferring the Infringing Domain Names to Plaintiff; and

2) IT IS FURTHER ORDERED that should Plaintiff discover any new and/or additional domain names associated with Defendants and/or Defendants' Websites, and using or incorporating the Power Wheels Marks or any colorable imitation thereof ("Additional Infringing Domain Names"), upon Plaintiff's request, the Third Party Service Providers shall, within thirty (30) days of Plaintiff's request, change the registrar(s) of record for the Additional Infringing Domain Names to a registrar of Plaintiff's choosing, thereby transferring the Additional Infringing Domain Names to Plaintiff.

### V.   Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## VI.  Miscellaneous Relief

1) Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defendants' Frozen Assets, Defendants' Additional Assets and/or Defendants' Additional Financial Accounts;

2) Any failure by Defendants to comply with the terms of this Order shall be deemed in contempt of Court, subjecting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Twenty-Five Thousand U.S. Dollar ($25,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this __3d__ day of __January__, 2022, at __11:07__ a.m.

_____
HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE